# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| APOTEX INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:16-cv-3145-WTL-MJD |
| ALCON RESEARCH, LTD., et al., | ) ) ) |
| Defendants. | ) ) |
| BARR LABORATORIES, INC., | ) ) |
| Intervenor-Defendant. | ) |

## ENTRY ON MOTION TO ALTER OR AMEND JUDGMENT

This cause is before the Court on the Plaintiff's motion entitled Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) and Motion to Amend the Complaint under Federal Rule of Civil Procedure 15(b) (Dkt. No. 48). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

The Plaintiff filed the instant motion in response to the Court's order granting the Intervenor-Defendant's motion to dismiss for lack of subject matter jurisdiction. As the Plaintiff recognizes, a dismissal for lack of subject matter jurisdiction must be a dismissal without prejudice because it is not a judgment on the merits. *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016) ("The district court here dismissed the plaintiffs' claims for lack of subject-matter jurisdiction, which is a dismissal without prejudice."). As the Plaintiff also recognizes, "an order dismissing a suit without prejudice is not a final, appealable order unless it is apparent that the district court has finished with the case." *Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 281 (7th Cir. 2002) (citations omitted). In this

case, the Court entered a Rule 58 judgment specifically to make it clear that the Court was finished with the case and that the dismissal for lack of subject matter jurisdiction was intended to be a final, appealable order.

The Plaintiff now wishes to file a second amended complaint and has properly, given the entry of judgment, sought leave to do so pursuant to Rule 59(e). The Plaintiff suggests that it may have been improper for the Court to enter final judgment after granting the motion to dismiss without giving the Plaintiff the opportunity to file an amended complaint first. The Court disagrees. Clearly in most instances the Court is required under Seventh Circuit law to give a plaintiff the opportunity to file an amended complaint before dismissing a case for failure to state a claim. *See, e.g.*, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). This case was not dismissed because the Plaintiff failed to state a claim in its complaint, however. There was nothing deficient in the Plaintiff's pleading, and the Plaintiff was given the opportunity to explain fully why it believed the Court had subject matter jurisdiction. The Plaintiff's argument in opposition to the motion to dismiss was clear, well-articulated, and complete.

While the Plaintiff seeks to amend its complaint to "clarify" its amended complaint, to be clear, the Court did not grant the motion to dismiss based on the failure to include anything in the amended complaint. The Court granted the motion to dismiss because, after carefully considering the Plaintiff's arguments and the relevant precedent, the Court determined that it did not have subject matter jurisdiction over this case. The Plaintiff disagrees with that determination, and the proposed second amended complaint essentially reiterates the Plaintiff's

position in pleading form. However, the Plaintiff had the opportunity to set out its position in response to the motion to dismiss and fully availed itself of that opportunity; the proposed second amended complaint adds nothing new to the arguments the Court already has considered.

The parties spend much of their briefs discussing whether the Court should resolve the instant motion by applying the liberal Rule 15 standard for granting leave to amend pleadings or the more stringent Rule 59(e) standard for altering or amending a judgment. The Court need not resolve that issue, because even assuming that the Rule 15 standard applies, the Plaintiff's motion is **DENIED**. Because the Court already has considered, addressed, and rejected the Plaintiff's position with regard to the existence of a case or controversy in this case, and the proposed second amended complaint simply states that position in the form of a pleading rather than the form of a brief, the proposed amendment would be futile.

SO ORDERED: 5/15/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification